UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM JEFFERY WHITMORE, #324694,

        Plaintiff,

v.

Case Number 17-12314
Honorable Thomas L. Ludington

MICHAEL D. WENDLING,
MICHAEL L. WEST,
JAMES GILBERT,
GERARD PECZENIUK,
MONA S. ARMSTRONG,
and JENNIFER DEEGAN,

        Defendants.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT AND DENYING LEAVE TO APEAL IN FORMA PAUPERIS**

On July 17, 2017, Plaintiff William Jeffery Whitmore, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. The complaint challenges Plaintiff's arrest and convictions for resisting and obstructing police officers, driving with a suspended license, and carrying a concealed weapon. *See* Compl., ECF No. 1. Plaintiff is incarcerated at the Newberry Correctional Facility in Newberry, Michigan.[1] The defendants are prosecuting attorney Michael D. Wendling, municipal court hearing officer Michael L. West, Port Huron police officers James Gilbert and Gerard Peczeniuk, and assistant prosecuting attorneys Mona S. Armstrong and Jennifer Deegan. Plaintiff seeks money damages and injunctive relief for alleged

---

[1] *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=324694. Plaintiff was confined at the St. Clair County Jail in Port Huron, Michigan when he filed his complaint on July 17, 2017.

violations of his rights under the Constitution and other documents. Because Plaintiff's allegations fail to state a claim for which relief may be granted, his complaint will be dismissed.

**I.**

According to Plaintiff's complaint, on January 8, 2017, police officers James Gilbert and Gerard Peczeniuk stopped Plaintiff while he was driving his wife's vehicle in Port Huron, Michigan. The basis for the stop was an anonymous tip that Plaintiff had an outstanding warrant for non-payment of child support. After the officers arrested Plaintiff and placed him in their police car, the officers searched the vehicle that Plaintiff had been driving. They found a loaded clip under the center console and his wife's registered handgun in the glove compartment. Plaintiff was later charged with resisting and obstructing police officers, driving a motor vehicle while license suspended, and carrying a concealed weapon. During his subsequent jury trial, he was precluded from introducing into evidence state police bulletins on the topics of probable cause and search warrants. Although Plaintiff claims that there was no evidence he committed a crime, the jury found him guilty as charged.

Plaintiff now sues the defendants in their personal and official capacities. He contends that the defendants violated his rights under the Declaration of Independence, the Universal Declaration of Human Rights, two documents identified as F.S.I.A. and F.A.R.A., and the Federal Constitution, including the Second, Fourth, and Eleventh Amendments. Plaintiff seeks two million dollars in money damages, reversal of the state-court decisions or judgments, and release from custody.

**II.**

The Court has granted Plaintiff permission to file his complaint without prepaying the fees and costs for this action. *See* ECF No. 3. Pursuant to the Prison Litigation Reform Act of

1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

# III.

## A.

Plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted because it challenges his convictions and present confinement. The sole federal remedy for his challenge to the fact or duration of physical imprisonment and his request for release from that imprisonment is a petition for the writ of habeas corpus, following exhaustion of state remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 499. n.14, 500 (1973). And, as explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486–87 (footnote omitted) (emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

Plaintiff has not alleged or shown that his convictions and sentence were reversed, expunged, or invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus, and success in this action would necessarily demonstrate the invalidity of Plaintiff's convictions and imprisonment. Therefore, his claims are not cognizable in this § 1983 action. *Heck*, 512 U.S. at 487.

**B.**

Plaintiff's claims lack merit for additional reasons. First, prosecutors enjoy immunity from suit for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) ("Functions that serve as an 'integral part of the judicial process' or that are 'intimately associated with the judicial process' are absolutely immune from civil suits"). This immunity from a suit for money damages under § 1983 extends to a prosecutor's "conduct in 'initiating a prosecution and in presenting the State's case . . . .'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 431). Therefore, prosecuting attorneys Michael D. Wendling, Mona S. Armstrong, and Jennifer Deegan are immune from Plaintiff's claims for money damages.

Second, municipal hearing officers also are immune from money damages under § 1983. *Saavedra v. City of Albuquerque*, 73 F.3d 1525, 1529–30 (10th Cir. 1996). Thus, defendant Michael L. West enjoys immunity from Plaintiff's claim for damages.

Third, Plaintiff has no right to relief under the Universal Declaration of Human Rights. "The rights secured by the [Declaration] are not federal rights," *Moore v. McLaughlin*, 569 F. App'x 656, 660 (11th Cir. 2014), and the Declaration provides no private right of action, *Konar v. Illinois*, 327 F. App'x 638, 640 (7th Cir. 2009).

Finally, although Plaintiff appears to seek relief under the Foreign Sovereign Immunities Act (F.S.I.A.), 28 U.S.C. § 1603, *et seq.*, and the Foreign Agents Registration Act (F.A.R.A.), 22 U.S.C. § 611, *et seq.,* he has failed to explain how these statutes apply to his case. In a civil rights action, conclusory allegations, without specific facts to support the allegations, fail to state a claim under § 1983. *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir. 1986). "Some

factual basis for such claims must be set forth in the pleadings." *Id.*; *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

**IV.**

For the foregoing reasons, Plaintiff's complaint is frivolous and fails to state a plausible claim for relief. Additionally, some of the defendants enjoy immunity from a lawsuit for money damages.

Accordingly, it is **ORDERED** that the complaint, ECF No. 1, is summarily **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

It is further **ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). For the same reason, leave to appeal *in forma pauperis* is **DENIED.**

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: October 25, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 25, 2017.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager